New York County.—Hon. D. G. ROLLINS, Surrogate.—July, 1885.

## HAAS *v.* CHILDS.

*In the matter of the estate of* SOLOMON CHILDS, *deceased.*

Though one nominated executor of an alleged will, who is charged by a contestant with the exercise of undue influence, should generally not be appointed, against the latter's objection, temporary administrator pending the controversy over probate, yet where the allegations of such influence are vague and uncertain, *e. g.*, that the same was exerted by "sundry and divers persons unknown," and the objector's share of the estate, in case probate were refused, would be small; considerations of economy may justify the issue of temporary letters to such nominee, especially where the other parties in interest accede.

Cornwell v. Cornwell, 1 *Dem.*, 1—distinguished.

PETITION by Rebecca Childs, the widow of decedent, for a grant, to her, of letters of temporary administration upon decedent's estate; opposed by

Henry W. Haas, a son of decedent by a former marriage. The facts appear sufficiently in the opinion.

KURZMAN & YEAMAN, *for petitioner.*

SIMPSON & WERNER, *for contestant.*

THEO. B. STEELE, *special guardian.*

THE SURROGATE.—The pendency of a controversy over the probate of a paper purporting to be decedent's will, and the fact that the issues of such controversy cannot be speedily determined, make it expedient to put this estate into the hands of a temporary administrator. To this proposition all parties interested assent. The decedent's widow seeks to be appointed to that office. She is the proponent of the paper in dispute, and is nominated therein as its executrix. If it shall be admitted to probate, she will take, by virtue of its provisions, one third of the income of the entire estate; the other two thirds, and ultimately the principal of the one third, will go to the seven children born of her marriage with decedent. By a former marriage, the decedent had a child who survived him, and who is the sole contestant in the proceeding for probate. He alone opposes the present application for the designation of the widow as temporary administrator.

Whether the Surrogate should or should not appoint to that office one who is named as executor in a disputed will, must be decided in each case that presents itself upon its own particular facts and circumstances (Jones v. Hamersley, 2 *Dem.*, 286). Other things being equal, considerations of economy

would demand that such person should receive the appointment. When he is charged, however, with exercising undue influence upon the mind of the alleged testator his application has generally been denied (Cornwell v. Cornwell, 1 *Dem.*, 1). It is declared by contestant's objections, in the case at bar, that such undue influence was here exerted by "sundry and divers persons unknown." But in view of the vagueness of this allegation, and of the fact that, if the alleged will shall be rejected, and the decedent pronounced intestate, only one eighth of the property of the estate, in excess of the widow's interest, will go to this contestant, I think that the saving of commissions that will result from her appointment justifies me in making it.

There is a wide variance between the contending parties, as to the value of the estate. I must, therefore, direct that testimony be taken in that regard, before I fix the penalty of the administrator's bond. A reference will be necessary.